# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:17-CV-00638-RJC-DSC

| | |
|---|---|
| **MICHAEL LEE GREENE,** | )<br>) |
| Plaintiff, | )  **MEMORANDUM AND**<br>)  **RECOMMENDATION**<br>) |
| v. | )<br>) |
| **KEVIN R. MULLIS, et. al.,** | )<br>) |
| Defendants. | ) |

**THIS MATTER** is before the Court on "Kevin R. Mullis in his Individual Capacity … Motion to Dismiss" (document #38) and "Kevin R. Mullis in his Official Capacity and the Town of Lilesville's … Motion to Dismiss" (document #39), and the parties' briefs and exhibits.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and this Motion is now ripe for consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendants' Motions to Dismiss be <u>granted in part</u> and <u>denied in part</u>, as discussed below.

## I. PROCEDURAL AND FACTUAL BACKGROUND

Taking the facts of the Complaint as true, Plaintiff was stopped in Anson County by North Carolina State Trooper Mark Stewart on May 25, 2007. Defendant Mullis responded to Stewart's call for backup, and assisted in conducting a search of Plaintiff's vehicle. Mullis was the Chief of Police for the Town of Lilesville from 2003 until February 2011. Plaintiff alleges

that Mullis planted cocaine in his vehicle and stole $4700. seized during the search.

Plaintiff was subsequently charged with trafficking cocaine, possession of cocaine, and possession with intent to sell and deliver cocaine in state court. State Bureau of Investigation forensic chemist Jennifer Lindley determined that the substance found on the floor of Plaintiff's vehicle contained .9 grams of cocaine.  The substance found in the trunk was a counterfeit controlled substance. On March 24, 2008, Plaintiff pled guilty to misdemeanor possession of drug paraphernalia and was sentenced to thirty-two days confinement.

On February 19, 2009, Plaintiff was indicted in the United States District Court for the Western District of North Carolina for conspiracy to distribute and possess with intent to distribute cocaine, crack cocaine, heroin and marijuana from January 1, 2007 through the date of the Indictment. At trial, Mullis testified that he found cocaine and "flex cocaine" in Plaintiff's vehicle on May 25, 2007. Plaintiff was convicted on February 16, 2010, and sentenced to life imprisonment by District Judge Frank D. Whitney.

Plaintiff entered notice of appeal. Following remand by the Fourth Circuit, see United States v. Greene, 513 Appx. 300 (4th Cir. 2013), Judge Whitney re-sentenced Greene to 480 months and 240 months consecutive.  This judgment was affirmed by the Court of Appeals on August 18, 2014. See United States v. Greene, 581 Fed. Appx. 280 (4th Cir. 2014).

In January 2011, Defendant Mullis accepted a position as Chief of Police for Polkton, North Carolina.  After leaving the Lilesville Police Department, Mullis removed evidence including the items he seized from Plaintiff's car on May 25, 2007.  For more than a year after leaving the Lilesville Police Department, Mullis retained the only key to the evidence locker.

On September 13, 2011, Plaintiff filed a lawsuit against the North Carolina State Bureau of Investigation Crime Lab, the SBI director, his criminal defense attorney, the state lab chemist, and

Mullis, alleging perjury and an illegal seizure on May 25, 2007. This action was dismissed by District Judge Graham C. Mullen. See Michael Green aka Michael Greene v. North Carolina State Bureau of Investigation Crime Lab et. al, 2011 WL 4074613 (W.D.N.C. 2011) (unpublished) ("2011 Order").

On June 21, 2012, Plaintiff filed a pro se motion for a new trial in the federal civil case based upon new allegations against Mullis. His motion was denied and the Fourth Circuit affirmed on August 18, 2014. United States v. Greene, 581 Fed. Appx. 280 (4th Cir. 2014) (unpublished).

In 2013, Plaintiff learned about an alleged cover-up by Mullis in a murder investigation involving Mullis' brother. Mullis was later indicted in Anson County for felony larceny related to theft of the seized $4700. He pled guilty to misdemeanor larceny on May 19, 2014.

On September 9, 2015, Plaintiff filed a motion to vacate his federal conviction based in part upon the allegations against Mullis. Plaintiff also filed a motion for appropriate relief in Anson County Superior Court alleging that Mullis planted cocaine in his car to justify seizing the $4700. On June 17, 2006, his motion for appropriate relief was granted and the misdemeanor charge of possession of drug paraphernalia was dismissed.

Judge Whitney found that the "state court vacatur of Petitioner's 2008 North Carolina conviction does not alter the Court's conclusion that Petitioner is not entitled to relief," and denied Plaintiff's motion to vacate on January 12, 2017. Plaintiff's motion for a new trial was denied on January 4, 2018, and he entered notice of appeal.

On October 27, 2017, Plaintiff filed this action against Mullis, in both his official and individual capacities, and the Town of Lilesville. The Second Amended Complaint contains nine claims for relief:

1. 42 U.S.C. §1983 claim alleging unreasonable seizure, and violation of procedural and substantive due process;

2. False arrest under state law;

3. 42 U.S.C. §1983 claim alleging false arrest;

4. False imprisonment under state law;

5. 42 U.S.C. §1983 claim alleging false imprisonment;

6. Abuse of process under state law;

7. 42 U.S.C. claim alleging negligent hiring and supervision;

8. Malicious prosecution under state law; and

9. 42 U.S.C. §1983 claim alleging malicious prosecution.

## II. DISCUSSION

### A. Standard of Review

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)).

### B. Official Capacity Claims against Defendant Mullis

Since official capacity claims "are essentially the same as a claim against the entity", they "should be dismissed as duplicative when the entity is also named as a defendant." Love-Lane v. Martin, 355 F.3d 766, 783 (4th Cir. 2004). See Hagans v. City of Fayetteville, 2015 WL 4414929 at * 7 (E.D.N.C. 2015) (dismissing state tort claims against city police officers in official capacity

where city was also named). Plaintiff alleges that the Town of Lilesville employed Mullis as the Chief of Police. The claims against Mullis in his official capacity are duplicative of the claims against the Town of Lilesville. The undersigned respectfully recommends that the Defendants "Kevin R. Mullis in his Official Capacity and the Town of Lilesville's … Motion to Dismiss" (document #39) be <u>granted</u> as to the official capacity claims.

### C. <u>Claims Barred by Res Judicata</u>

Under the doctrine of <u>res judicata</u>, "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." <u>Montana v. United States</u>, 440 U.S. 147, 153, 99 S.Ct. 970, 974. To prevail on res judicata, a party must demonstrate "(1) a final judgment on the merits in a prior suit, (2) an identity of the cause of action in both the earlier and the later suit, and (3) an identity of parties or their privies in the two suits." <u>Jones v. SEC</u>, 115 F.3d 1173, 1178 (4th Cir.1997) (internal quotation marks omitted).

On February 7, 2011, Plaintiff filed a Complaint in this Court against the North Carolina State Bureau of Investigation Crime Lab, Robin Pendergraft, Jennifer Lindley, the Lilesville Police Department, and Kevin Mullis. Plaintiff alleged that "Lilesville Police Dept. employed defendant officer Kevin R. Mullis. Officer Kevin R. Mullis initiated this injustice by giving a false statement via a sworn affidavit [sic] to a [sic] Anson County Magistrate claiming that upon my arrest, he performed a field test on the candle wax and it tested positive for cocaine." (Exhibit 3, p. 4). After allowing Plaintiff's motion to amend his Complaint, Judge Mullen dismissed the case.

The Court held that Plaintiff's Complaint was barred by the statute of limitations whether he alleged seizure with or without a warrant because "[r]egardless of how it is read…Plaintiff's claim against Defendant Mullis is barred by the statute of limitations." <u>Id.</u> at * 4. Judge Mullen

subsequently denied Plaintiff's motion for reconsideration on April 24, 2012. [3:11-CV-69- GCM, Document 12].

All of the elements for res judicata are met here. Dismissal on statute of limitations grounds is an adjudication on the merits and a final judgment. Shoup v. Bell & Howell Co., 872 F.2d 1178, 1180 (4th Cir.1989). The causes of action in the prior case alleging unlawful seizure with or without a warrant are the same as those here. Claims of unlawful seizure, false arrest, and false imprisonment involve warrantless arrests. Claims for malicious prosecution involve arrests with warrants. Finally, there is an identity of parties as Mullis and the Lilesville Police Department are named. The Lilesville Police Department is an entity of the Town of Lilesville, the named Defendant in this case. Wright v. Town of Zebulon, 202 N.C. App. 540, 543, 688 S.E.2d. 786, 789 (2010) ("[a] municipal police department is a component of the municipality."). As a result, Plaintiff's First through Fifth, Eighth and Ninth Claims for Relief should be dismissed based upon res judicata. The undersigned respectfully recommends that Defendants' Motion to Dismiss be granted as to those claims.

### D. Claims Barred by Arrest Warrants

Plaintiff concedes that he was arrested on "warrants issued on May 25, 2007." His unlawful seizure, false arrest, and false imprisonment claims are barred by the issuance of those warrants. Claims for false arrest "may be considered only when no arrest warrant has been obtained." Porterfield v. Lott, 156 F.3d 563, 568 (4th Cir. 1998). False imprisonment claims also arise based upon a warrantless arrest. See e.g., Bellamy v. Wells, 548 F.Supp.2d 234, 237 (W.D. VA. 2008) ("Bellamy was never detained without legal process. He was arrested pursuant to an arrest warrant and has therefore not alleged any facts to support a claim of false imprisonment, which only addresses detention 'without legal process.'"); Simmons v. Atkinson, 2013 WL 633587

at * 3 (M.D.N.C. 2013) ("[c]laims of false imprisonment address detainment of an individual 'without legal process'; thus, when an arrest is made pursuant to an arrest warrant, there is no false imprisonment."); Allen v. Greenlee, 13 N.C. 370, 371 (1830) (claim for false arrest or false imprisonment may arise when the arrest or detention is without a warrant).

The undersigned respectfully recommends that Defendants' Motions to Dismiss be granted as to Plaintiff's First through Fifth Claims for Relief.

### E. Claim for Abuse of Process

Abuse of process is the misuse of legal process for an ulterior purpose. Melton v. Rickman, 225 N.C. 700, 703, 36 S.E.2d. 276, 278 (1945). It consists of the malicious misuse or misapplication of process after issuance to accomplish some purpose not warranted or commanded by the writ. Id. The statute of limitations for this tort is three years. N.C.G.S. § 1-52. Taking the facts in the light most favorable to Plaintiff, he has alleged sufficient facts that Mullis abused legal process by having a warrant issued in furtherance of his plan to steal from the Town of Lilesville evidence locker.

Defendants' contend that the three year statute of limitations began to run no later than June 21, 2012 when Plaintiff filed his motion for new trial based upon the discovery of Mullis' misconduct. In Heck v. Humphrey, 512 U.S. 477, 487 (1994), the Supreme Court held that in a Section 1983 action, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." 512 U.S. 477, 487 (1994). Plaintiff's abuse of process claim was barred by Heck until his state court conviction was set aside and the charges dismissed on June 17, 2016. Plaintiff's abuse of process claim was timely filed.

### F. Claim for Negligent Hiring, Retention and Promotion, Failure to Supervise and Train

To hold the Town of Lilesville liable, Plaintiff must show that it proximately caused his constitutional injury through the promulgation or tacit approval of a municipal policy or custom. Monell v. Department of Social Services of City of New York, 436 U.S. 658, 690, 98 S.Ct. 2018, 2035-2036 (1978). At this stage in the proceedings Plaintiff has met his burden. He has alleged that the Town failed to have adequate procedures and training in place concerning seized evidence. A reasonable jury could find that this failure to have adequate procedures and training in place allowed Mullis to retain the only key to the evidence locker for more than a year after he left the Department, thus enabling him to steal evidence.

The Court also finds that this claim was timely filed.

### III. RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Kevin R. Mullis in his Individual Capacity … Motion to Dismiss" (document #38) and "Kevin R. Mullis in his Official Capacity and the Town of Lilesville's … Motion to Dismiss" (document #39) be **GRANTED IN PART** and **DENIED IN PART**; that is, **DENIED** as to Plaintiff's state law claim for abuse of process (Sixth Claim for Relief) and 42 U.S.C. §1983 claim for negligent hiring, retention and promotion, failure to supervise and train (Seventh Claim for Relief) pled against the Town of Lilesville and Defendant Mullis in his individual capacity, and **GRANTED** in all other respects.

### IV. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this

Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties and to the Honorable Robert J. Conrad, Jr.

**SO RECOMMENDED AND ORDERED.**

Signed: July 9, 2018

David S. Cayer
United States Magistrate Judge