UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-00638-RJC-DSC

| | |
|---|---|
| MICHAEL LEE GREENE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| KEVIN R. MULLIS, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** comes before the Court on the Motion to Dismiss Plaintiff's Second Amended Complaint filed by Defendant Kevin R. Mullis in his Individual Capacity, (Doc. No. 38), and the Motion to Dismiss the Second Amended Complaint filed by Defendants Kevin R. Mullis in his Official Capacity and the Town of Lilesville, (Doc. No. 39), and the parties' associated briefs and exhibits; the Memorandum and Recommendation ("M&R") of the U.S. Magistrate Judge, (Doc. No. 47); the parties' Objections thereto, (Doc. Nos. 49, 51, 54), and the parties' associated responsive briefs and exhibits regarding their Objections.

I.  BACKGROUND

Neither party has objected to the Magistrate Judge's statement of the factual and procedural background of this case.  Therefore, the Court adopts the facts as set forth in the M&R.

1

## II. STANDARD OF REVIEW

A district court may assign dispositive pretrial matters, including motions to dismiss, to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(A) and (B). The Federal Magistrate Act provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." Id. at § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

## III. DISCUSSION

In this suit, Plaintiff has alleged nine causes of action, based on alleged violations of 42 U.S.C. § 1983 and various state-law claims:

1. Unlawful prosecution of state criminal case in violation of 42 U.S.C. § 1983;
2. False arrest in violation of North Carolina state law
3. False arrest in violation of 42 U.S.C. § 1983;
4. False imprisonment in violation of North Carolina state law;
5. False imprisonment in violation of 42 U.S.C. § 1983;
6. Abuse of process in violation of North Carolina state law;
7. Negligent hiring, retention and promotion, failure to supervise and train in violation of 42 U.S.C. § 1983;
8. Malicious prosecution in violation of North Carolina state law; and
9. Malicious prosecution in violation of 42 U.S.C. § 1983

(Doc. No. 37 ¶¶ 34–53).

First, the M&R recommended that the claims against Mullis in his official capacity be dismissed because those claims are duplicative of the claims against the Town of Lilesville. Next, the M&R recommended that Claims 1–5 and 8–9 be dismissed based upon res judicata. It also recommended that, because Plaintiff concedes that he was arrested on warrants issued on May 25, 2007, the Court

2

should bar Plaintiff's claims for unlawful seizure, false arrest, and false imprisonment (Claims 1–5).[1] Finally, the M&R recommended that this Court allow Claims 6 and 7 to proceed because they were timely filed and Plaintiff met his burden of alleging plausible facts which would entitle him to relief for abuse of process and negligent hiring, retention, and supervision.

After an independent review of the M&R, the parties' Objections thereto, and a de novo review of the record, the Court concludes that the recommendation to dismiss Plaintiff's Claims 1–5 and 8–9 is correct and in accordance with law. Accordingly, the findings and conclusions of the M&R are accepted regarding these claims. Additionally, the Court agrees with the M&R's recommendation that the claims against Mullis in his official capacity be dismissed as duplicative of the claims against the Town of Lilesville. Love-Lane v. Martin, 355 F.3d 766, 783 (4th Cir. 2004); see Hagans v. City of Fayetteville, 2015 WL 4414929, at * 7 (E.D.N.C.

---

[1] The M&R explained this determination as follows:

> Claims for false arrest "may be considered only when no arrest warrant has been obtained." Porterfield v. Lott, 156 F.3d 563, 568 (4th Cir. 1998). False imprisonment claims also arise based upon a warrantless arrest. See e.g., Bellamy v. Wells, 548 F. Supp. 2d 234, 237 (W.D. VA. 2008) ("Bellamy was never detained without legal process. He was arrested pursuant to an arrest warrant and has therefore not alleged any facts to support a claim of false imprisonment, which only addresses detention 'without legal process.'"); Simmons v. Atkinson, 2013 WL 633587, at * 3 (M.D.N.C. 2013) ("Claims of false imprisonment address detainment of an individual 'without legal process'; thus, when an arrest is made pursuant to an arrest warrant, there is no false imprisonment."); Allen v. Greenlee, 13 N.C. 370, 371 (1830) (claim for false arrest or false imprisonment may arise when the arrest or detention is without a warrant).

2015) (dismissing state tort claims against city police officers in official capacity where city was also named). Nevertheless, this Court disagrees with the M&R's recommendation that the Court allow Claims 6 and 7 to proceed for the reasons stated below. Accordingly, the Court declines to adopt the M&R's findings and conclusions regarding Claims 6 and 7.

### A. Plaintiff's claim for abuse of process (Claim 6) is time-barred.

In his Second Amended Complaint, (Doc. No. 37), Plaintiff alleges a claim for abuse of process under North Carolina state law. This state-law claim involves the misuse of legal process for an ulterior purpose. Melton v. Rickman, 36 S.E. 2d 276, 278 (N.C. 1945). "It consists in the malicious misuse or misapplication of that process after issuance to accomplish some purpose not warranted or commanded by the writ. It is the malicious perversion of a legally issued process whereby a result not lawfully or properly obtainable under it is attempted to be secured." Id. Under North Carolina law, the statute of limitations for this tort is three years. N.C. Gen. Stat. § 1-52. Defendants maintain that the three-year period began to accrue no later than June 21, 2012 when Plaintiff filed his motion for new trial based upon the discovery of Mullis's misconduct. According to Defendants, Plaintiff must have brought this state-law claim no later than June 21, 2015.

The M&R found, however, that Heck v. Humphrey, 512 U.S. 477 (1994), saves Plaintiff's abuse of process claim. In Heck, the Supreme Court issued the following holding that sometimes saves Section 1983 claims that would otherwise be time-barred:

4

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Heck, 512 U.S. at 487 (footnotes omitted). Therefore, Heck can serve to extend the normally applicable limitations period if success on a plaintiff's Section 1983 claim would necessarily imply the invalidity of the plaintiff's conviction or sentence. Id. In that instance, the plaintiff's statute of limitations begins to run on the date that his conviction or sentence is invalidated—when he would be able to bring a plausible Section 1983 claim that, if successful, would entitle him to relief. But before his conviction or sentence is invalidated, Heck will act as a bar to the plaintiff commencing a Section 1983 claim.

Thus, the M&R reasoned that "Plaintiff's abuse of process claim was barred by Heck until his state court conviction was set aside and the charges dismissed on June 17, 2016. Plaintiff's abuse of process claim was timely filed." (Doc. No. 47 at 8). This would be true, if Claim 6 arose under Section 1983; however, Plaintiff's abuse-of-process claim arises under North Carolina state law. And Heck does not apply to state-law claims; its grips only constrain federal causes of action under Section 1983.[2] "Heck is a rule of law that, absent its adoption by the [state] courts,

---

[2] See, e.g., Fortin v. Town of Hampton, 2013 WL 5770515, at * 1 n.1 (D.N.H. 2013) ("Heck does not apply to state law claims"); Fox v. DeSoto, 2006 WL 1642294, at *8 (W.D. Ky. 2006) ("It is clear that Heck and its progeny only control § 1983 claims . . . ."); Doggett v. Perez, 348 F. Supp. 2d 1169, 1176 (E.D. Wash. 2004) (declining to

5

has no application to these state law claims." Nuño v. Cty. of San Bernardino, 58 F. Supp. 2d 1127, 1130 n.3 (C.D. Cal. 1999). Because North Carolina courts have not extended the Heck rule to state-law claims, this Court declines to do so today. Accordingly, the Court finds that Plaintiff's claim for abuse of process (Claim 6) is time-barred and should be dismissed.

### B. Plaintiff's claim for negligent hiring, retention and promotion, failure to supervise and train (Claim 7) is also time-barred.

Regarding Claim 7, the M&R found that Plaintiff had met his burden of pleading facts which would plausibly entitle Plaintiff to relief under Section 1983 for negligent hiring, retention and promotion, failure to supervise and train ("negligent hiring"). (Doc. No. 47 at 9). It also found that the claim was timely filed. (Id.). While the M&R did not specify the grounds on which it determined that Plaintiff's claim was timely, it presumably applied Heck to Claim 7. Unlike Plaintiff's claim for abuse of process, Plaintiff brought his claim for negligent hiring under 42 U.S.C. § 1983; therefore, because the cause of action does not arise under state law but rather arises under Section 1983, Heck could ostensibly apply.

For the Heck rule to apply, a judgment in favor of Plaintiff on his Section 1983 negligent hiring claim must necessarily imply the invalidity of his conviction or sentence. Here, Plaintiff succeeding on his Section 1983 negligent hiring claim would not invalidate either his state conviction for possession of drug paraphernalia

---

apply Heck to state law claims because state had not "adopted the federal Heck rule for determining the accrual of state law claims"); Pierce v. Pawelski, 2000 WL 1847778 at *2 (N.D. Ill. 2000) ("Heck's analysis does not govern Pierce's state law claims.").

or his federal court conviction for conspiracy to distribute and possess cocaine and other illegal drugs. The evidence that would be used to prove the negligent hiring claim is wholly different from the evidence that was used to prove Mullis's criminal convictions. Plaintiff's allegation that the Town of Lilesville negligently hired and supervised Mullis despite knowing of Mullis's past—if proven to be true—would have no bearing on Plaintiff's convictions. As Heck explained, "if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." Therefore, Heck did not act as a bar to Plaintiff bringing his negligent hiring claim under Section 1983. See Collinson v. City of Philadelphia, No. CIV.A. 12-6114, 2013 WL 5707802, at *5 (E.D. Pa. Oct. 21, 2013) ("None of these claims negate or call into question any element of the crime . . . and does not question the validity of Plaintiff's conviction . . . . Thus, the doctrine found in Heck v. Humphrey does not bar Plaintiff's claims."). Accordingly, the normal limitations period governs Plaintiff's claim.

The limitations period for a Section 1983 claim is determined by looking at the law of the State in which the action arose. Owens v. Baltimore City State's Att'ys Office, 767 F.3d 379, 388 (4th Cir. 2014). In North Carolina, the limitations period for Section 1983 claims is three years. Nat'l Advertising Co. v. City of Raleigh, 947 F.2d 1158, 1161–62 (4th Cir. 2014) (citing N.C. Gen. Stat. § 1–52(5) as the basis for the three-year period). Although state law determines the applicable

7

period of limitations, federal law governs the date on which the limitations period begins to run. Owens, 767 F.3d at 388. "Under federal law a cause of action accrues when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 955 (4th Cir. 1995) (en banc) (citing United States v. Kubrick, 444 U.S. 111, 122–24 (1979)). "To determine the timely filing of a § 1983 claim, courts borrow the statute of limitations from the most analogous state-law cause of action." Owens, 767 F.3d at 389 (citing 42 U.S.C. § 1988(a)).

Here, the most analogous state-law cause of action is a claim for negligent employment or retention under North Carolina law and is recognized when a plaintiff proves (1) the specific negligent act on which the action is founded; (2) incompetency, by inherent unfitness or previous specific acts of negligence, from which incompetency may be inferred; (3) either actual notice to the employer of such unfitness or bad habits, or constructive notice, by showing that the employer could have known the facts had he used ordinary care in oversight and supervision; and (4) that the injury complained of resulted from the incompetency proved. Medlin v. Bass, 398 S.E. 2d 460, 462 (N.C. 1990). Plaintiff attributes the constitutional and other legally cognizable harm he has suffered to "th[e] single decision by the legislative body of the Town of Lilesville to hire Mullis in 2003." (Doc. No. 37 ¶ 18). Plaintiff alleges that, at the time the Town hired Mullis, it should have known about Mullis's role in a murder committed by Mullis's brother in 2000. (Id. ¶¶ 15–18). Yet, Plaintiff claims that even despite Mullis's "confessed criminal conduct,"

8

the Town "negligently hired Mullis, continued to employ Mullis and promoted Mullis to Chief of Police and failed to train and supervise him properly." (Id. ¶ 15). Plaintiff further alleges that the Town knew or should have known of improprieties in Mullis's handling of evidence and the mishandling of the documentation of evidence in February 2011. (Id. ¶¶ 16–18).

Under Owens, the statute of limitations began to run either (1) when the Town hired Mullis in 2003, (2) when Mullis left the Town in February 2011 and the Town's supervisory authority over Mullis ended,[3] or (3) arguably, when Plaintiff discovered the allegations that Mullis was involved in hiding a murder, between March to October of 2013.[4] Regardless of which date is used as the accrual date, Plaintiff's negligent hiring claim is time-barred as he waited to bring this cause of action until October 27, 2017—outside of the three-year window. (Doc. No. 1). See Allen v. N.J. State Police, No. CV 16-1660-BRM-DEA, 2017 WL 899914, at *2 (D.N.J. Mar. 7, 2017) (barring the plaintiff's negligent hiring claim from proceeding by applying the normal, state-law statute-of-limitations period instead of the Heck rule and concluding that the plaintiff's negligent hiring claim began to accrue when the alleged wrongful act or omission resulting in damages to the plaintiff occurred— nearly eight years before the plaintiff filed his complaint). Accordingly, Plaintiff's

---

[3] See Foster v. Crandell, 638 S.E.2d 526, 536 (N.C. App. 2008) (explaining that a claim for negligent supervision must be brought within three years of when a defendant exercised supervisory authority).

[4] Plaintiff bases part of his negligent hiring claim on the allegation that the facts surrounding Mullis's involvement in the murder "were known to or reasonably should have been known by the Town of Lilesville when it hired, retained and promoted Mullis in its employ." (Doc. No. 57 at 6; see also Doc. No. 37 ¶ 15).

claim for negligent hiring under 42 U.S.C. § 1983 (Claim 7) is dismissed as time-barred as well.

IV. CONCLUSION

**IT IS THEREFORE ORDERED THAT:**

1. The M&R, (Doc. No. 47), is **ADOPTED IN PART and DECLINED IN PART.** Specifically, the Court adopts the M&R's recommendation that the claims against Mullis in his official capacity and Claims 1–5 and 8–9 be **DISMISSED.** It declines to adopt the recommendation that Claims 6 and 7 be allowed to proceed and instead **DISMISSES** these claims as time-barred;

2. The Motion to Dismiss Plaintiff's Second Amended Complaint filed by Kevin R. Mullis in His Individual Capacity, (Doc. No. 38), is **GRANTED.** All claims against Defendant Mullis in his individual capacity are **DISMISSED**, and Defendant Mullis shall be terminated as a party to this lawsuit.

3. The Motion to Dismiss the Second Amended Complaint filed by Kevin R. Mullis in His Official Capacity and the Town of Lilesville, (Doc. No. 39), is **GRANTED.** Both parties shall be terminated, and all claims against them shall be **DISMISSED WITH PREJUDICE**;

4. Plaintiff's Second Amended Complaint, (Doc. No. 37), is **DISMISSED**; and

5. The Clerk of Court is directed to close this case.

Signed: March 21, 2019

Robert J. Conrad, Jr.
United States District Judge