# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CIVIL ACTION NO. 3:17-cv-00638-RJC-DSC

| | |
|---|---|
| **MICHAEL LEE GREENE,** | |
| Plaintiff, | ORDER |
| v. | |
| **KEVIN R. MULLIS et al.,** | |
| Defendants. | |

The Court issues this Protective Order to facilitate document disclosure and production under the Local Rules of this Court and the Federal Rules of Civil Procedure. Unless modified pursuant to the terms contained in this Order, this Protective Order shall remain in effect through the conclusion of this litigation.

In support of this Order, the Court finds that:

1. Plaintiff served two subpoenas on the Anson County District Attorney's Office for their complete prosecutorial files in State v. Greene, Anson County File No. 07CR50956-58 and State v. Mullis, Anson County File No. 00CRS4443. [DE 104]

2. Plaintiff agrees that entry of a protective order is appropriate in this matter. [DE 115]

3. The documents contained in the <u>State v. Greene</u> and <u>State v. Mullis</u> prosecutorial files constitute criminal investigative records that are otherwise protected from disclosure by §132-1.4 of the North Carolina General Statutes.

4. The prosecutorial file of <u>State v. Mullis</u>, Anson County File No. 00CRS4443, contains crime scene photos, including graphic crime scene photos depicting the deceased victim. These photos are not relevant to any claim or defense in this case. Therefore, the photographs of the deceased victim are protected from disclosure and are excluded from production.

5. The prosecutorial file of <u>State v. Mullis</u>, Anson County File No. 00CRS4443, contains medical records of the victim obtained pursuant to a subpoena issued by an assistant district attorney. These medical records are not relevant to any claim or defense in this case. Therefore, the victim's medical records and personal health information are protected from disclosure and excluded from production.

6. The prosecutorial file of <u>State v. Mullis</u>, Anson County File No. 00CRS4443, contains documents containing personal identifying information (PII) of non-parties. This PII is not relevant to any claim or defense in this case. Therefore, this information shall be redacted prior to disclosure to Plaintiff.

7. Except as may be otherwise provided by further order of the Court, documents contained within the prosecutorial files of <u>State v. Greene</u>, Anson County File No. 07CR50956-58 and <u>State v. Mullis</u>, Anson County File No. 00CRS4443, shall be used for no purpose other than prosecuting or defending this action, and shall be disclosed only to the persons identified below:

a. the Court and its staff;

b. the parties, attorneys of record for the parties, their legal assistants, and other staff members, including law students and/or clerks;

c. insurers, their agents, and employees;

d. outside companies engaged by attorneys for the parties to photocopy such documents;

e. any potential or actual deposition or trial witness when the documents are materially related to the questions asked to or testimony of such witness;

f. mediators;

g. consultants, investigators, and technical experts involved in the investigation and prosecution or defense of this matter;

h. court reporters, their transcribers, assistants, and employees;

i. the trier of fact

j. attorney Christopher Shelburn, N.C. Bar No. 37891, 1355 Greenwood Cliff, Suite 300, Charlotte, North Carolina 28204, who is designated by Plaintiff to receive the requested documents. [DE 104, pp. 3, 5]

3. In addition, the above individuals and entities that are permitted access are hereby ordered not to show, convey, or reproduce any documents so designated or parts thereof, or copies thereof, or any matter contained therein, or any extracts or summaries thereof, to any individual, or to any entity that would not otherwise have

access to said documents under the provisions of this Protective Order, except to the qualified persons hereinabove listed.

4. The parties are responsible for notifying any person who is provided any portion of the prosecutorial files of State v. Greene, Anson County File No. 07CR50956-58 and State v. Mullis, Anson County File No. 00CRS4443 of the terms of this Protective Order. The parties shall keep a record of all persons to whom such disclosures are made.

5. Counsel may make copies of material contained within the prosecutorial files of State v. Greene, Anson County File No. 07CR50956-58 and State v. Mullis, Anson County File No. 00CRS4443, for experts (both consulting and designated) upon receiving from said experts a written agreement that the experts will be bound by the terms of this Protective Order. The requirement of obtaining such an agreement shall be satisfied by having each of Plaintiff's or Defendant's experts read, acknowledge, and agree in writing to be bound by this Protective Order. A file of all such written acknowledgments shall be maintained by counsel for the parties involved in this matter. By signing the declaration agreeing to be bound by this Protective Order, each of the parties' experts submits himself or herself to the jurisdiction of this Court for purposes of enforcement of this Protective Order.

6. The parties involved in this matter may use facts learned from the prosecutorial files of State v. Greene, Anson County File No. 07CR50956-58 and State v. Mullis, Anson County File No. 00CRS4443 in support of pleadings and

motions and pleading such facts shall not require either party to file their pleadings or motions under seal.

8. This Protective Order shall not apply to documents or materials that have otherwise become public records pursuant to North Carolina law, or that have been lawfully obtained from a source other than the prosecutorial files of <u>State v. Greene</u>, Anson County File No. 07CR50956-08 and <u>State v. Mullis</u>, Anson County File No. 00CRS4443.

9. This Protective Order shall not prevent any party, or Anson County District Attorney Reece Saunders, from applying to the Court for relief from this Protective Order, or from applying to the Court for further or additional Protective Orders, or from agreeing between themselves to modification of this Protective Order with the concurrence of DA Saunders and subject to the approval of the Court.

10. At the conclusion of this litigation, each document produced by DA Saunders and subject to this Protective Order shall be returned to DA Saunders for destruction or otherwise destroyed in a manner approved by DA Saunders.

11. If a party seeks to file under seal, the party must accompany the request with a motion to seal. The motion to seal may be filed without a supporting memorandum only if the filing party can cite a statute, rule, standing order or court order that requires the filing to be sealed. Absent such authority, the filing party must submit a supporting memorandum that specifies:

> (i) The exact document or item, or portions thereof, for which the filing under seal is requested;

(ii) How such request to seal overcomes the common law or the First Amendment presumption to access;

(iii) The specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interest in access;

(iv) The reasons why alternatives to sealing are inadequate; and

(iv) Whether there is consent to the motion.

**SO ORDERED**.

Signed: March 7, 2023

David S. Cayer
United States Magistrate Judge