IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-00638-RJC-WCM

MICHAEL LEE GREENE,                        )
                                           )
            Plaintiff,                     )            ORDER
      v.                                   )
                                           )
TOWN OF LILESVILLE, NC; and                )
KEVIN R. MULLIS                            )
*in his Individually Capacity*,            )
                                           )
            Defendants.                    )
_____ )

This matter is before the Court on the following motions, all of which

have been filed by Plaintiff:

1. Motion for an Order Compelling Discovery (Doc. 127);

2. Motion for Ruling on Pending Motions to Compel (the "Motion for
   Ruling," Doc. 134);

3. Emergency Motion for Hearing Via Zoom (the "First Motion for Hearing,"
   Doc. 139);

4. Emergency Motion for Hearing Via Zoom re: Conflict of Interest (the
   "Second Motion for Hearing," Doc. 140); and

5. Emergency Motion for the Appointment of Counsel (the "Motion to
   Appoint Counsel," Doc. 143).

## I.      Relevant Background

On October 27, 2017, Michael Lee Greene ("Greene") filed his original

Complaint naming the Town of Lilesville, North Carolina (the "Town") and

former Chief of Police of the Town, Kevin R. Mullis ("Mullis"), as Defendants.

1

Doc. 1. Greene filed an Amended Complaint on December 12, 2017, and a Second Amended Complaint on May 8, 2018. Docs. 6, 37.[1]

A Pretrial Order and Case Management Plan was entered on September 6, 2022. Doc. 98.

On December 12, 2022, Greene filed a Motion to Compel seeking, among other things, production of Mullis' personnel file and employment records (the "Personnel File"). See Doc. 106, the "First Motion to Compel."

Also on December 12, 2022, Greene filed two other motions to compel – one relative to the Town's initial disclosures (the "Second Motion to Compel," Doc. 107) and another relative to the Town's responses to certain interrogatories (the "Third Motion to Compel," Doc. 108).[2]

On December 20, 2022, the Town responded to the First, Second, and Third Motions to Compel. Doc. 110. With respect to Mullis' Personnel File, the Town represented that:

> Plaintiff seeks Mullis' personnel files and employment records which are protected by N.C.G.S. § 160A-168. It is illegal for Defendant to send this information without a protective order. Id. Defendant sent Plaintiff a letter, along with a proposed consent protective order

---

[1] This case has a complicated procedural history, much of which is set forth in the undersigned's Memorandum and Recommendation on the Town's Motion for Judgment on the Pleadings (Doc. 144) and is not repeated here.

[2] On January 17, 2023, Greene filed a Motion to Compel asking that Mullis be directed to provide additional responses to certain interrogatories (the "Fourth Motion to Compel," Doc. 114). A ruling on the Fourth Motion to Compel was issued on February 8, 2023. Doc. 119.

2

for the release of these documents. See Exhibit 1. During the telephone conference with Plaintiff, counsel notified Plaintiff that he would send a protective order. Defendant will provide these documents upon receipt of a protective order signed by all parties.

Doc. 110 at 2.

On January 12, 2023, the Hon. David S. Cayer, United States Magistrate Judge, granted in part and denied in part the First Motion to Compel, denied the Second Motion to Compel as premature, and denied the Third Motion to Compel. See Text-Only Orders, January 12, 2023. With respect to the First Motion to Compel, Judge Cayer directed the Town to submit a proposed protective order within seven days, and to produce Mullis' Personnel File within 14 days of the entry of a protective order.

On January 19, 2023, the Town filed a Motion for Protective Order "for the release of city personnel records...." Doc. 117 at 1. A Consent Protective Order was entered that same day. Doc. 118.

On February 28, 2023, the Town filed its Motion for Judgment on the Pleadings. Doc. 122.

On March 10, 2023, Greene filed a fifth motion to compel, again seeking production of Mullis' Personnel File by the Town (the "Fifth Motion to Compel," Doc. 127).

On March 14, 2023, the Town provided supplemental responses to Plaintiff's document requests that stated the Town had no responsive documents. Doc. 128-1.

On March 21, 2023, the Town responded to the Fifth Motion to Compel, arguing that the Motion was deficient both because it did not comply with the Local Rules and further because the Town had provided supplemental responses on March 14, 2023. Doc. 128.

On April 5, 2023, the Hon. Susan C. Rodriguez, United States Magistrate Judge, acting *sua sponte*, directed the Town to file a supplemental brief explaining the inconsistency between its statements regarding the production of Mullis' Personnel File as well as its present contention that it did not possess those materials (the "April 5 Order," Doc. 130).

On April 24, 2023, Green filed the Motion for Ruling and requested that the court "rule on motions to compel that Plaintiff filed on or about late December 2022 or January 2023." Doc. 134.

On April 25, 2023, the Town responded to the April 5 Order (the "April 25 Response," Doc. 135).

On May 9, 2023, Greene filed the First and Second Motions for Hearing. Docs. 139, 140. On May 19, 2023, the Town responded to both of those Motions. Docs. 141, 142.

On July 14, 2023, Greene filed the Motion to Appoint Counsel. Doc. 143.

4

## II.    Discussion

### A. The Fifth Motion to Compel

The record reflects that Greene began seeking the production of Mullis' Personnel File from the Town as early as October 2022. See Doc. 135.

The record also reflects that on November 14, 2022, counsel for the Town was informed that the Personnel File was not in the Town's possession, and that, at some point before Greene filed the First Motion to Compel in December of 2022, counsel for the Town told Greene that the Town may not have the Personnel File. See Doc. 135; Doc. 106 at 3 (First Motion to Compel in which Greene stated that he had conferred with counsel for the Town, who had provided Greene "with the obviously incredible assertion that [the Town] 'may not still have Mullis personnel file' because it's a 'small town.'").

However, subsequent statements by the Town suggested that the Town did possess the Personnel File. In particular, the Town objected to Greene's document requests based on confidentiality concerns (not based on an assertion that the Town did not have the Personnel File) and the Town represented that it would produce the Personnel File once a protective order was in place. See Docs. 135; Doc. 110 at 2 (stating that the Town "will provide

[Mullis' Personnel File] upon receipt of a protective order signed by all parties").[3]

Accordingly, on January 12, 2023, Judge Cayer granted the First Motion to Compel in part and ordered the Town to produce the Personnel File within fourteen days of the entry of a protective order. The Consent Protective Order was entered on January 19, 2023, such that the Town's deadline to produce the Personnel File was February 2, 2023.

The Town, though, did not produce the Personnel File by February 2. Instead, on March 14, 2023, in its supplemental responses, the Town (perhaps for the first time) unequivocally stated that it did not have Mullis' Personnel File. Doc. 128-1.

Even considering the information set out in the Town's April 25 Response, the positions the Town has taken on the issue of Mullis' Personnel File are troubling and raise numerous questions, including whether Town personnel searched for the Personnel File sufficiently, why the Personnel File could not be located, and why the Town did not advise Plaintiff clearly and directly that it had been unable to locate the Personnel File. Instead, it was

---

[3] Counsel for the Town acknowledges that the Town's representations regarding the Personnel File should have been clearer. See Doc. 135 at 2 (defense counsel's acknowledgement that he "should have stated that 'Defendant will provide these documents *if available* upon receipt of a protective order signed by all parties'") (emphasis in original).

not until March 14, 2023 –after the First Motion to Compel had been granted, a Consent Protective Order had been entered, and Greene had filed the Fifth Motion to Compel – that the Town, in the context of its supplemental responses, formally advised that it did not have Mullis' Personnel File.

Generally, a party may be sanctioned under the Federal Rules of Civil Procedure for failing to comply with its discovery obligations; in some cases, the imposition of sanctions is required. See e.g., Fed.R.Civ.P. 37(b)(2) (sanctions may be imposed where a party "fails to obey an order to provide or permit discovery…."); Fed.R.Civ.P. 37(c)(a) (setting forth possible sanctions "[i]f a party fails to provide information…as required by Rule 26(a) or (e)," including payment of reasonable expenses including attorney's fees).

Here, because the Town has now represented directly that it does not have the Personnel File, it cannot be ordered to produce it. Therefore, the Fifth Motion to Compel must be denied. See e.g., Jones v. Haire, No. 3:20-cv-00286-MR, 2021 WL 5407857, at *2 (W.D.N.C. Nov. 18, 2021) ("The Court cannot compel the Defendants to produce documents and video footage that does not exist. The Motions to Compel are therefore denied").[4]

---

[4] The undersigned has recommended that the Town's Motion for Judgment on the Pleadings be granted. However, that recommendation is not based on any information that may or may not be contained in Mullis' Personnel File; rather, it is premised of Greene's inability to establish that the State of North Carolina lacked probable cause to prosecute and convict Greene in a separate state criminal case. See Doc. 144.

7

However, the undersigned will direct the Town to file a response to this Order that addresses the question of whether sanctions should be considered, particularly given that the inconsistency of the Town's position has required Greene to file, and the Court to address, multiple motions to compel.

### B. The Motion for Ruling

Greene requests that the Court "rule on motions to compel that Plaintiff filed on or about late December 2022 or January 2023." Doc. 134.

As noted, on December 12, 2022, Greene filed three separate motions to compel. Docs. 106, 107, 108. By text orders entered on January 12, 2023, Judge Cayer ruled on those Motions.

On January 17, 2023, Greene filed the Fourth Motion to Compel. Doc. 114. Judge Cayer granted that Motion by Order entered on February 8, 2023. Doc. 119.

Accordingly, the Motion for Ruling will be denied as moot.

### C. First Motion for Hearing

In his First Motion for Hearing, Greene asks for a hearing on the statement by the Town's counsel that the Town does not possess Mullis' Personnel File. More specifically, Greene requests that a Zoom hearing be scheduled "where the Town's Manager can be questioned, under oath" regarding the Town's possession of Mullis' employment records. Doc. 139.

As the issues relating to the production of Mullis' Personnel File are addressed in relation to the Fifth Motion to Compel, the First Motion for Hearing will be denied.

### D. Second Motion for Hearing

In his Second Motion for Hearing, Greene asks the Court to conduct a hearing via Zoom regarding "a potential conflict of interest, that may need to be immediately addressed." Doc. 140. In essence, Greene complains that the Town's counsel is interfering with Plaintiff's attempts to obtain discovery from Mullis, who is unrepresented.

The Town has responded (Doc. 142) and argues that Greene has failed to comply with the Local Rules by attempting in good faith to resolve areas of disagreement and by failing to file a supporting memorandum.

As the Town notes, the Local Rules generally require that motions in civil cases show that counsel have conferred and attempted in good faith to resolve areas of disagreement, or describe the timely attempts of the movant to confer with opposing counsel. Motions that do not comply with this requirement may be summarily denied. Consultation, though, is not required in certain instances, including where the moving party is represented and the nonmoving party is unrepresented. In addition, briefs are to be filed contemporaneously with motions; certain exceptions apply but they are not relevant here.

9

If Greene believes that the Town's counsel has engaged in improper activities regarding Greene's attempts to obtain discovery from Mullis or otherwise is subject to a conflict of interest, the parties should discuss those matters thoroughly before the Court is asked to address them formally, as contemplated by the Local Rules.

Accordingly, the Second Motion for Hearing will be denied.

### E. Motion for the Appointment of Counsel

Greene states that he has obtained documents "that arguably prove" that the Town "was in fact in possession" of Mullis' Personnel File when this litigation began in 2017 and that the Town's counsel has made false statements regarding the whereabouts of those materials. Greene also requests that counsel now be appointed for him.

To the extent the Motion pertains to Greene's attempts to obtain the Personnel File, Greene has not provided or described the documents he references and the issue of the Personnel File has otherwise been addressed in connection with the Fifth Motion to Compel.

To the extent Greene requests that an attorney be appointed to represent him in this civil action, the Motion will be denied. Litigants in civil cases do not have a constitutional right to counsel "and the Fourth Circuit Court of Appeals has instructed that courts should exercise their discretion to appoint counsel for pro se civil litigants 'only in exceptional cases.'" Robinson v.

Brickton Vill. Ass'n, Inc., No. 1:20-CV-00030-MR-WCM, 2020 WL 7865279, at *1 (W.D.N.C. Dec. 30, 2020), aff'd, No. 21-1057, 2022 WL 2314370 (4th Cir. June 28, 2022) (quoting Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975)).

Many of Greene's claims have been dismissed and the undersigned has recommended that the Town's pending Motion for Judgment on the Pleadings be granted as to Greene's remaining claims against the Town.

In addition, even in the absence of that recommendation, the undersigned does not find that this matter presents exceptional circumstances that warrant the appointment of counsel. Greene has been proceeding *pro se* since March 10, 2021 when his counsel was allowed to withdraw and has filed numerous *pro se* motions, in some cases successfully. See Gatlin v. Piscitelli, No. 3:20CV115, 2021 WL 683163, at n. 7 (E.D. Va. Feb. 22, 2021) (stating that "[t]his action presents no complex issues or exceptional circumstances" and that plaintiff's "pleadings demonstrate that he is competent to represent himself….").

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff's Motion for an Order Compelling Discovery (Doc. 127) is **DENIED**. However, on or before August 29, 2023, the Town **SHALL FILE** a response to this Order that addresses the question of whether sanctions should be considered. Plaintiff may file any response to the Town's submission on or before September 12, 2023.

2. Plaintiff's Motion for Ruling on Pending Motions to Compel (Doc. 134) is **DENIED AS MOOT**.

3. Plaintiff's Emergency Motion for Hearing Via Zoom re: Doc. No. 135 (Doc 139) is **DENIED**.

4. Plaintiff's Emergency Motion for Hearing Via Zoom re: Conflict of Interest (Doc 140) is **DENIED**.

5. Plaintiff's Emergency Judicial Notice and Emergency Motion for the Appointment of Counsel (Doc 143) is **DENIED**.

Signed: August 15, 2023

W. Carleton Metcalf
United States Magistrate Judge

12