UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-00638-RJC-WCM

| MICHAEL LEE GREENE, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | **ORDER** |
| TOWN OF LILESVILLE, NC and KEVIN R. MULLIS, | ) |  |
| Defendants. | ) |  |

**THIS MATTER** is before the Court on Defendant Town of Lilesville's Motion for Judgment on the Pleadings, (Doc. No. 122), the Magistrate Judge's Memorandum and Recommendations ("M&R"), (Doc. No. 144), and Plaintiff Michael Lee Greene's Objections. (Doc. No. 151). The Magistrate Judge entered his M&R on August 7, 2023, starting a fourteen-day clock for Greene to respond. Greene did not respond by August 21, 2023, and this Court, accordingly, adopted the M&R without objection on August 29, 2023. Greene filed his Objections that same day, (Doc. No. 151), and later explained that, as a resident in federal prison, he did not receive the M&R with enough time to respond. (Doc. No. 154). This Court will now, in the interest of fairness, consider Greene's Objections as if timely filed.

I. BACKGROUND

No party has objected to the Magistrate Judge's statement of the factual and procedural background of this case. Therefore, the Court adopts the facts as set forth in the M&R.

1

## II. STANDARD OF REVIEW

A district court may assign dispositive pretrial matters, including motions to dismiss, to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(A) & (B). The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id*. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). De novo review is also not required "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Id*. Similarly, when no objection is filed, "a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72, advisory committee note).

## III. DISCUSSION

Under Rule 72(b) of the Federal Rules of Civil Procedure, a district court judge shall make a de novo determination of any portion of an M&R to which specific written objection has been made. Greene brings four objections: (1) Judge Metcalf should not be assigned to his case; (2) the M&R improperly ruled on the merits of his case rather than the sufficiency of his complaint; (3) the M&R improperly dismissed

2

his complaint for failure to show the State of North Carolina, rather than Mullis, lacked probable cause to arrest Greene in 2007; and (4) the M&R improperly dismissed his *Monell* claim because he "did in fact sufficiently allege a predicate constitutional violation."

Greene's first objection is without merit. Greene offers no legal basis for his dissatisfaction with Judge Metcalf, whom he claims was "never formally assigned to this civil action." (Doc. No. 151). This matter was reassigned to Judge Metcalf on April 28, 2023, as noted between docket entries 135 and 136.

Greene's second objection fares no better. Greene's central argument is that the state of North Carolina and Mullis lacked probable cause to arrest him for possession of drug paraphernalia. Because Greene's malicious and unlawful prosecution claims relate only to his now-vacated state court conviction, Greene takes issue with Judge Metcalf's use of facts offered in the initial federal criminal action. Judge Metcalf rightfully considered those facts in determining whether the State of North Carolina had probable cause to prosecute him. *See Greene v. Mullis*, 829 Fed. Appx. 604, 605 (Mem) (4th Cir. 2020) (unpubl.) ("We may also consider authentic, relevant documents attached to the complaint and the motion to dismiss, and take judicial notice of matters of public record, including court orders and filings in Greene's prior cases").[1]

---

[1] *See also Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) ("In reviewing a Rule 12(b)(6) dismissal, we may properly take judicial notice of matters of public record."); *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396 (4th Cir. 2006) ("[A] court may consider official public records, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint so long as the authenticity of

3

Greene also argues that the M&R improperly delves into matters of credibility. Not so. Judge Metcalf appropriately relied upon "court orders … in Greene's prior cases," *see Greene*, 829 Fed. Appx. at 605, as well as Greene's own *Alford* plea in his state criminal case, which itself acknowledged "strong evidence of actual guilt," *see North Carolina v. Alford*, 400 U.S. 25, 37 (1970), to find that Greene failed to sufficiently allege the State of North Carolina had no probable cause to prosecute and convict him. Such application of facts is proper; a complaint will not suffice if it tenders only "naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted) (cleaned up). Instead, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. Greene's unlawful and malicious prosecution claims, in light of evidence properly considered by Judge Metcalf, are implausible.

Greene's third objection also fails. Greene argues that the M&R errs in concluding that he "has not sufficiently alleged that the State of North Carolina lacked probable cause to prosecute and convict Greene in the State Criminal Case," because (1) he alleged that "Mullis knew all along that he planted the drug evidence," (2) the Fourth Circuit previously held that Greene sufficiently alleged his claims, and

---

these documents is not disputed."); *Parker v. Homestead Studio Suites Hotel*, No. 5:05–cv–69–BR, 2005 WL 3968291, at *1 (E.D.N.C. May 13, 2005) ("[T]he district court may also take judicial notice of matters of public record without converting a 12(b)(6) motion into a motion for summary judgment").

4

(3) Greene was required to prove only that Mullis lacked probable cause for Greene's arrest, not the State of North Carolina.

As discussed above, the Magistrate Judge properly concluded that Greene offers no more than "bare assertions devoid of further factual enhancement" to allege that Mullis planted drug evidence. *See Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). Moreover, Greene's review of the Fourth Circuit's 2020 holding is inaccurate – the Court remanded Greene's action based on the timing of his first § 1983 and his state vacatur without holding that Greene sufficiently alleged any certain claim. *See Greene*, 829 F. App'x at 605. Finally, because Greene filed a lawsuit against the Town of Lilesville, North Carolina and Kevin Mullis for malicious and unlawful prosecution, (Doc. No. 37 at ¶¶ 34-35, 50-53), Greene must state claims against both defendants.

Greene's fourth and final objection fails as well. Greene offers no specific objection to the M&R but instead states only that he "did in fact sufficiently allege a predicate constitutional violation." (Doc. No. 151). De novo review of an M&R is not required "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano*, 687 F.2d at 47. Likewise, merely reiterating the same arguments made in the pleadings or motion submitted to the Magistrate Judge does not warrant de novo review. *See United States v. Midgette*, 478 F.3d 616, 620–21 (4th Cir. 2007); *Durkee v. C.H. Robinson Worldwide, Inc.*, 765 F. Supp. 2d 742, 747 (W.D.N.C. 2011), *aff'd sub nom.*, *Durkee v. Geologic Sols., Inc.*, 502 F. App'x 326 (4th

5

Cir. 2013). Greene offers neither specific nor new arguments on his *Monell* claim, and his final objection therefore fails.

In an earlier adoption of the M&R before Greene filed his Objections, this Court acknowledged that once Greene's claims against the Town of Lilesville were dismissed, only Greene's claims against Mullis in his individual capacity would remain, and, as the Magistrate Judge noted, "it appears that those claims would be subject to dismissal for the same reasons described above." (Doc. No. 144). The Court thus directed Greene "to show cause as to why his remaining claims against Mullis should not also be dismissed." (Doc. No. 149).

Greene offers no basis beyond "naked assertions devoid of further factual enhancement" to show that Mullis lacked probable cause to arrest him in 2007. *See Ashcroft*, 556 U.S. at 678. This Court need not accept Greene's "unwarranted inferences, unreasonable conclusions, or arguments," *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000), or his allegations that "contradict matters properly subject to judicial notice or … exhibit." *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002). Relying on facts established in a trial in this Court – and upon Greene's own admission of "strong evidence of actual guilt" – the Magistrate Judge properly concluded that Greene's claims against Mullis in his individual capacity are subject to dismissal, because Greene fails to show that Mullis lacked probable cause to arrest Greene in 2007.

IV. **CONCLUSION**

**IT IS, THEREFORE, ORDERED** that:

6

1. The Magistrate Judge's M&R, (Doc. No. 144), is **ADOPTED**;

2. Defendant Town of Lilesville's Motion for Judgment on the Pleadings, (Doc. No. 122), is **GRANTED**; and

3. Greene's claims against Defendants Kevin Mullis and the Town of Lilesville, (Doc. No. 37), are **DISMISSED**.

The Clerk is directed to close this case.

Signed: December 18, 2023

Robert J. Conrad, Jr.
United States District Judge